Court is now in session Please be seated This is Anna Lange v. Houston County, Georgia Patrick Lail is here for Houston County David Brown and Anna Baldwin are here for the appellees and Mr. Lail, you may begin Thank you, Your Honor May it please the Court The District Court's grant of summary judgment to plaintiff under Title VII should be reversed and the judgment based on it should be vacated for three reasons First, summary judgment is granted to the party with the burden of proof when facts construed most favorably to the non-judge are disputed Second, the District Court extended Bostock beyond its holding found liability for a self-funded health insurance plan that covered Sgt. Lange's non-surgical care and had a surgical exclusion that existed well before her hire all of which supports defendant's position that it was not facially discriminatory And third, the District Court misapplied agency in Georgia state law in finding the county an agent of the Sheriff's Office under Title VII With respect to the summary judgment issue here the plaintiff bore the burden of proof under Title VII and there are certain facts that are pretty key that are in dispute In several places, the summary judgment order noted that the exclusions at issue preclude coverage for sex change surgery However, in the Title VII part of the summary judgment order the court stated that hormones for menopause are covered but hormones for sex change are not That is incorrect or at least in dispute according to the factual record and that's key because it demonstrates the fact that those hormones were covered according to Sgt. Lange's testimony the fact that they were covered shows that transition care is treated like care for many other conditions such as care for weight issues is generally covered but care for lap band surgery is excluded This is just generally how an insurance plan works Well, she's not claiming that the plan itself violates Title VII It's the exclusion for sex change surgery It's the exclusion. There's a difference, right? Well, Your Honor, I think there is a difference in how the court treated the two claims based on the same facts You've got an equal protection claim and a Title VII claim They're all based on the existence or non-existence of health care coverage under the plan but for the equal protection claim the district court held that the exclusion is not facially discriminatory that a showing of intent was not required and that the line drawn by the health plan as a whole looking at the health plan as a whole was between individuals who did not want transgender surgery and those who do That's how the court looked at the equal protection claim In contrast, with Title VII the court found that the exclusion is facially discriminatory that evidence of intent was immaterial and as you point out the court there looked only at the exclusion and not at the coverage of the plan as a whole even though the same line drawing Well, that's all she's challenging is the exclusion Well, what she's challenging is the exclusion in the context of a health insurance plan So part of what, Your Honor, we think the plaintiff and the district court misunderstood Bostock as creating a per se violation of Title VII for any disadvantage to a transgender employee and Bostock simply didn't go that far It's important to recognize what Bostock did decide and what it didn't decide It was the product of a trilogy of termination cases that reached different results about the scope of Title VII and so the scope of Title VII is what the Supreme Court decided in Bostock The 11th Circuit had found that sexual orientation was not actionable under Title VII The 2nd and 6th Circuits found that sexual orientation and transgender status respectively were covered and so all the court did was look at whether transgender status and sexual orientation were covered within the concept of sex It's not clear that she is denied medically necessary surgery solely based on the fact that she's a transgender That's clear, isn't it? No, Your Honor, it's a procedure-based issue within the plan just like the procedures for providing hearing aids or the procedure for lap band surgery are excluded This is one of 68 exclusions and so unlike Supreme Court precedent including Manhart We're just dealing with the one exclusion Just this one exclusion that excludes this surgery and it's just for people who are transgender Your Honor, our position is that the Bostock case and let me clarify this, I'll back up and say The District Court said the only reason for treating that Title VII case differently from the Equal Protection case is Bostock But Bostock itself, you know, we briefed pretty heavily the distinction between the issues raised by Justice Alito in his dissenting opinion and then Justice Gorsuch in the majority said we're not dealing with any of that Yeah, we realize, I mean, I don't think anybody thinks that Bostock was a case about an exclusion in an insurance policy Sure Okay Is this exclusion policy really discriminated against transgender people? Because the way I understand it is that it also doesn't pay for one's natal and biological sex Am I right about that? That's correct, Your Honor So if I got a sex change and then I wanted to go back I couldn't do that either That's correct It just doesn't pay for this kind of surgery That's correct That's why it's a procedure-based exclusion If there were facial, an attempt to facially discriminate under this policy, it would exclude all care and it would cover a reversal if somebody wanted to go back to their natal gender But that's not what we have here and that's, again, Bostock didn't mandate a finding of facial discrimination Can I ask you about how you understand Bostock and just see if we're on the same page about how to understand Bostock So the way I, at least currently, am understanding Bostock is it says, look, we've got to determine whether this discrimination was because of sex Because of sex is the phrase And so the question we have to ask is is the employer doing something to someone that is a biological male that they would not do to a biological female So in Bostock, the idea was look, you're firing a biological male who appears as a woman, dresses like a woman wants female pronouns, things of that nature You would not do that to a biological female And so that's the kind of discrimination that is prohibited by Title VII Is that the right way to understand Bostock? I think the way that Justice Gorsuch explained it was if you have a party and one of your best employees comes to the party with a wife what if the star employee is female? If you would treat the female differently than you would treat the star employee who happens to be male and brings a wife then that promotes discrimination Okay, so I think we agree about that So can you explain why this does not fit that kind of analogy? Thank you, Your Honor Again, the reason it doesn't fit that analogy is that, again, whether you're a natal male or a natal female this is going to apply either way Even if you hypothetically were not transgender and you wanted to have this particular surgery for purposes of sex change it would be denied Again, I think the critical thing to look at is the contract as a whole Georgia law looks at health insurance plans as a contract We look at contracts as a whole and here the coverage overall for transgender issues She had her endocrinologist covered She had her hormones covered This went on for a long period of time both before and after she asked about surgery All of that was covered This is not distinguished This isn't making sense to me You said if she's not transgender and she's denied the surgery why would you need the surgery if you're not transgender? That was a hypothetical we raised in our brief that if Sergeant Lange needed a mastectomy for cancer there was nothing in the plan indicating that she wouldn't get that surgery But if a person who is not transgender a cisgender individual for some reason asked for sex change surgery it would be denied because it's a procedure-based surgery They're not going to ask well, are you transgender? Again, I'm not sure why anybody would do that We just wanted to raise that hypothetical in terms of how the plan works as a procedure-based distinction and not a status-based distinction In your view, would it violate Title VII if an employer had a health plan that paid for mental health medications unless those medications pertain to treating postnatal depression? I've not been encountered with that I'm not sure if Well, it's a hypothetical Exactly I don't see that And it would exclude what? The postnatal? Yes In other words, pregnancy-related depression or pregnancy and delivery-related depression I would imagine at first blush that that would probably violate Well, that would be covered under the Pregnancy Discrimination Act, right? Under the PDA that would be kind of a uniquely covered issue So, under Gilbert the case that came out before the PDA was passed correct me if I'm wrong but I think the Supreme Court said that it is not discrimination because of sex if pregnancy-related issues are not covered under a plan Well, let's use menopause then instead Menopause created depression Would it violate Title VII to not pay for those medications if the plan otherwise paid for medications for depression? My sense would be at first blush, yes that would be a problem but again, that's not what we have here because Sergeant Lange's hormones were covered and they were hormones specifically for her transgender treatment Okay Seeing that my time is up I'll reserve other argument for a rebuttal Thank you All right, thank you Mr. Lale Mr. Brown Can I ask you a quick question before you start? In footnote one of your brief you say that your client was going to have the surgery in October of 2023 Did that happen? Do you know if that happened? Yes, sir Okay Sergeant Lange's had her surgery In that case well, do we need to have briefing on mootness or anything like that? No, Your Honor A jury reported money And they're seeking to undo the jury verdict? Yes, Your Honor They're seeking to reverse summary judgment and in addition Sergeant Lange as a surgical patient as with any surgery requires follow-up Gotcha Thank you May it please the Court David Brown for Sergeant Lange who is here with us today This is a simple case and the District Court's injunction should be upheld for two simple reasons First the Supreme Court has repeatedly held that an employer who offers unequal benefits because of sex violates Title VII and second the Supreme Court has held that Title VII's prohibition on sex discrimination includes discrimination against transgender people So the present case is squarely at the intersection of those two lines of precedent and it is completely decided by them I tend to agree with you on that So on Gilbert So can you and I realize this was not raised sufficiently I think in the briefing but Gilbert is this case from the Supreme Court I'm sure you're aware of it it's cited in the briefs where the Supreme Court said that not providing benefits for pregnancy was not sex discrimination it was not because of sex under Title VII How is this not that? You know obviously only women can get pregnant but the Supreme Court said even though only women can get pregnant that doesn't mean you have to cover pregnancy Here only transgender people let's assume want the surgery doesn't it follow under Gilbert that that's not because of sex too? Gilbert is no longer below under Title VII Your Honor Well it was for pregnancy because it was repealed by the Pregnancy and Discrimination Act right? Both the holding and reasoning of the Gilbert decision were repealed and that's the decision in Newport News so and I think subsequent cases as well so the Supreme Court in Newport News said we can no longer apply the reasoning of Gilbert in Title VII cases and it has never done so since then So here the defendants have offered an employee a health plan that it's undisputed covers medically necessary surgery including the surgery that Sergeant Lang needs which is a vaginoplasty and then the defendants exclusion policy takes that coverage away from her because she's transgender and that's the Title VII violation So can I I'm sorry can I just I understood Newport News to just say the Pregnancy and Discrimination Act changed it for pregnancy Your understanding of Newport News though is that it changed that the amended statute somehow undermined the cause of sex understanding of Gilbert? Obviously the holding in Gilbert has been repealed by the Pregnancy and Discrimination Act but the reasoning though the understanding of the cause of sex I thought was still good law If you don't have an answer on that, that's fine but I just Let me grab Newport News Oh, I see I see what you mean Yeah In fact, it says that both the holding and reasoning of the decision are overruled We shall This is page 676 We go beyond the Accordingly, we shall consider whether Congress by enacting the Pregnancy and Discrimination Act      the test of discrimination employed by the Pregnancy and Discrimination Act by enacting the Pregnancy and Discrimination Act not only overturned the specific holding by the court in that case We believe it did Okay, thank you So the first point I want to make is that the exclusion here applies because of sex and we know this because defendants have admitted this in their briefing On page 15 of their reply brief they state the exclusion quote necessarily requires that the particular participant's sex be taken into consideration And similarly in the briefing below they said that the basis of transgender individuals who want transition surgery and that's exactly right And under Title VII that's enough to make it because of sex So 50 years ago the Supreme Court in Manhart ruled that under Title VII there is but one simple test for because of sex which is but for the employee's sex would she have been treated differently and that is reflected in the passages that I just read to you from the defendant's briefing Under Bostock and going excuse me all the way back to that the simple test that can be applied without considering the employee's sex is based on sex And an employer fails the simple test in Bostock when it penalizes a person identified as male at birth for transgressions that it tolerates in an employee identified as female at birth or put another way where the employer discriminates against persons with one sex identified at birth and another today Or to use this court's wording in Glenn an employer fails the simple test when it acts based on the sheer fact of the transition And the defendant's refusal to cover Sgt. Lange's medically necessary surgery is based on the sheer fact of her transition and it fails Bostock's simple test How is that the case though? I mean so just respond I guess to the other side's point that this is a procedure that one can get or not get It's not I think what they're saying is you know we're not saying well you are a male presenting as a female or a female presenting as a male or whatever we're just not covering this procedure either to change your natal sex or to return to your natal sex What do you say about that? They do cover the procedure and I think it's important to note that there's no such thing as a sex change Wait they do cover the procedure? Correct Your Honor Oh There's no such thing as a sex change in medicine That's an antiquated non-medical term and it's simply whatever the plan deems a procedure to be changing a sex So they cover vaginoplasties which is a procedure that is again undisputed is medically necessary for lots of different reasons and is covered by the plan but then it takes away that coverage from Sergeant Lange specifically because she needs it for the necessity of a sex change and so the plan says were you assigned male I guess I just want to push back a little bit on that and get your response to this because they say in their reply brief that this is a very different procedure than a vaginoplasty that a woman would get and if you look at your I believe it's your expert and maybe your treating physician they say in their expert reports that this is a constellation of procedures including a penectomy and orchiectomy and then a vaginoplasty and the reason that you are doing those is to remove the penis and it's a different procedure and it's  different procedure and it's a different procedure and it's a different procedure and it's not something they would otherwise cover in a medical case and it's not something they  otherwise cover in a medical case and it's not something they would otherwise cover in a medical case  it's not   would otherwise cover in a medical case and it's not something they would otherwise cover in a medical case and it's not something they would otherwise cover in a medical case based on gender dysphoria as a medical case it's not something they would otherwise cover in a medical case you would otherwise cover as  medical  it's not something they would otherwise cover in medical case they would otherwise cover in a medical case they would otherwise cover as medical case they would otherwise  in medical case they would otherwise cover as medical case no longer covers as medical case they would otherwise cover as medical case they  otherwise   medical case they would otherwise cover as medical case they would otherwise cover as medical case they would otherwise cover as medical case they would otherwise cover  medical case they would otherwise cover as medical case they would otherwise cover as medical case they would they could never cover   case they should    medical case they should not cover as medical case they would otherwise cover as medical case they should cover as medical case they should not cover as medical case they should not cover as medical case they would provide medical case they would not provide medical case should they should not provide medical case they should not provide medical case they should not provide medical case they should approve the medical case the medical case they should have no medical case  they should not provide medical case they should not made medical case they should not have medical case they should not   medical case they should not have medical case they should not have medical case they should not have medical  they should not have medical case they should not have medical case they should not have medical case they should not have medical case they should not   case they shouldn't have medical case they should have medical case in this file , but you don't want medical case they should have medical case in this file. And so, the argument that we're making is if that's the case and that's what's been posited to us by plaintiff, then you've got transgender people on each side of this line and the line is drawn at whether you want surgery or not, not whether you're transgender or not. And that's an important distinction because that's consistent with Gadolding. It plays in. So, what do you say? I mean, I think that is consistent with the pregnancy issue that was dealt with, where, you know, you have two different cases. You have Gadolding and you have Gilbert. And the issue here is that the district court went all the way to finding facial discrimination in favor of the party with the burden of proof. It went as far as to, you know, find facial discrimination without taking into account the very same issues that it did take into account in the equal protection analysis. And our position, Your Honor, is that that does not amount to facial discrimination and we should have an opportunity to present this to a jury and let them do their job. We have to be able to present    them do their job. So we have to be able to present this to a jury and let them do their job. So we have to be able to present this to a jury and let  do their job. Thank you.   Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you.            ... ... ... ... ... Thank you. ... ... Thank you. Thank you. Thank you. Thank you.